873 F.2d 1452
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Thomas J. ALVORD, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 89-3071.
 United States Court of Appeals, Federal Circuit.
 April 18, 1989.
 
 Before FRIEDMAN, Circuit Judge, JACK R. MILLER, Senior Circuit Judge, and BISSELL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The appeal from the decision of the Merit Systems Protection Board (Board) in docket No. CH34438810445 is dismissed for lack of jurisdiction because the appeal was not timely filed.
 
 OPINION
 
 2
 The United States Postal Service denied the petitioner a position because his prior resignation from the Navy was made only after he had been issued a notice of proposed removal for unsatisfactory performance. The petitioner appealed this action of the Postal Service to the Board, which dismissed the appeal for lack of jurisdiction. The Board's administrative judge stated that the Board had ruled that it "has no jurisdiction over Postal Service hiring decisions absent a former employee's right to restoration following military duty or following recovery from a compensable injury. The exceptions that give rise to Board jurisdiction over the agency's hiring decisions do not apply in this case."
 
 
 3
 On November 2, 1988, the Board denied the petitioner's petition for review of the initial decision. The Board's order denying review informed the petitioner of his right to seek review by this court and advised him: "The court must receive your request for review no later than 30 calendar days after receipt of this order by your representative, if you have one, or receipt by you personally, whichever receipt occurs first."
 
 
 4
 The petitioner filed a petition to review in this court on January 26, 1989. Although in its informal brief the Postal Service noted the foregoing November 2 and January 26 dates, it did not point out that the appeal was untimely or suggest that we should dismiss the appeal for lack of jurisdiction. Instead, it argued only that the Board had correctly dismissed the appeal for lack of jurisdiction.
 
 
 5
 Although the parties have not raised the jurisdictional issue, we are always obliged to consider our own jurisdiction. As the Board informed the petitioner, any petition to review its final order was required to be filed "within 30 days after the date the petitioner received notice of the final order or decision of the Board." 5 U.S.C. Sec. 7703(b)(1) (1988). The petition to review in this case was filed 85 days after the Board's final order. The petitioner, who appeared pro se before the Board, does not contend that this filing occurred within 30 days of his receipt of the Board order. Since the petitioner did not file a timely notice of appeal, we have no jurisdiction over the appeal and we therefore must dismiss it.